NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES LEE SMITH, :
: Civil Action No. 16-2444 (SRC)
Plaintiff, :
: **OPINION**
v. :
:
MICHAEL GONZALEZ et al., :
:
Defendants. :
:

**CHESLER**, District Judge

　　*Pro se* Plaintiff James Lee Smith ("Plaintiff") submitted a Complaint to this Court on April 29, 2016 [Docket Entry 1], together with an application to file his Complaint without prepayment of fees and proceed *in forma pauperis* [Docket Entry 2]. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for *in forma pauperis* status, pursuant to 28 U.S.C. § 1915, and will direct that the Clerk of the Court file Plaintiff's Complaint.  Under § 1915, which governs proceedings filed *in forma pauperis,* the Court must now examine the merits of the claims asserted and dismiss them if it determines that the action cannot or should not proceed.  For the following reasons, the Court will dismiss Plaintiff's Complaint.

　　**I.　BACKGROUND**

　　Based on an arrest and warrantless search on December 30, 2006 in Elizabeth, New Jersey, Plaintiff was indicted for first degree possession of cocaine with the intent to distribute (N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)), and third degree possession of a controlled

dangerous substance (N.J.S.A. 2C-10(a)(1)).  *State v. Smith,* No. A-2670-12T1, 2014 WL 7448029, at *1 (N.J. Super. Ct. App. Div. Jan. 5, 2015).  Plaintiff pled guilty to possession of cocaine with the intent to distribute, and was sentenced to a fifteen-year term of imprisonment.  *Id.*  The Appellate Division affirmed the trial court's denial of Plaintiff's petition for post-conviction relief on January 5, 2015.  *Id.* at *1, *4.

Plaintiff filed a Petition before this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on August 26, 2015 [Civ. Action No. 15-6437, Docket Entry 1].  That Petition is still pending.  Plaintiff then filed this Complaint on April 29, 2016 [Docket Entry 1], seeking, amongst other relief, damages for the alleged unlawful actions of the police officers the night of Plaintiff's arrest and for the alleged illegal actions of the prosecutor in his case.  (Compl. at 2.)

**II. DISCUSSION**

As a threshold matter, regarding applications to proceed *in forma pauperis*, the Court notes that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a).  Here, Plaintiff has provided sufficient documentation to demonstrate that he cannot pay the requisite filing fee. Accordingly, the Court will grant the IFP Application and provide the Plaintiff with leave to proceed *in forma pauperis*.

Because Plaintiff is proceeding *pro se,* the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys.  *Haines v. Kerner*, 404 U.S.

519 (1972). Even so, because Plaintiff proceeds *in forma pauperis,* the Court must review his Complaint pursuant to 28 U.S.C. § 1915(e), and dismiss the action if it determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). To evaluate whether a complaint must be dismissed under § 1915(e)(2)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    a.  **SECTION 1983 CLAIMS**

Plaintiff's Complaint appears to raise several claims under 42 U.S.C. § 1983. Section 1983 creates a private federal cause of action for a constitutional violation committed by a person acting under color of state law. It provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

3

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States.  *See Parratt v. Taylor,* 451 U.S. 527, 535 (1981).

State law provides the applicable statute of limitations for most § 1983 claims.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007.  Section 1983 claims are characterized as personal injury claims, and are thus governed by the applicable state's statute of limitations for personal injury claims.  *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989).  The actions leading to Plaintiff's claim occurred in Elizabeth, New Jersey, and therefore New Jersey's law applies here.  "N.J.S.A. 2A:14–2 . . . provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action."  *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987).  Therefore, § 1983 claims arising in New Jersey operate under a two-year statute of limitations.  *See Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

New Jersey state law also governs the tolling of the statute of limitations, unless it is inconsistent with federal law.  *Wilson v. Garcia*, 471 U.S. 261, 269 (1985), *superseded by statute on other grounds*, 28 U.S.C. § 1658(a); *Ammlung v. City of Chester*, 494 F.2d 811, 815 (3d Cir. 1974).  "The remedy of equitable tolling is extraordinary, and we extend it only sparingly."  *Santos ex rel Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Equitable tolling is ordinarily only granted in one of three sets of circumstances: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a

result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388 (emphasis in original). Under federal law, a cause of action accrues when "the plaintiff has a complete and present cause of action." *Id*. In other words, a § 1983 claim generally accrues, and its statute of limitations begins to run, when the plaintiff knows or should have known of the injury upon which the claim is based. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

## I. SECTION 1983 EXCESSIVE FORCE CLAIM

The Court interprets Plaintiff's allegation that, on December 30, 2006, "after my door was kicked from the hinges Officer Gonzales had pointed [] his gun to my head for my 1991 traffic warrant" as asserting a claim under 42 U.S.C. § 1983 for the use of excessive force to restrain Plaintiff.

Excessive force claims under § 1983 follow the two-year limitations period denoted by the New Jersey personal injury statute of limitations. *Wilson*, 471 U.S. at 273-75. Plaintiff's claim for excessive force accrued on December 30, 2006, because Plaintiff should have been reasonably aware of his injury on that date. Thus, Plaintiff's claim expired on December 30, 2008. Since Plaintiff asserted his excessive force claim more than eight years after it accrued, Plaintiff's excessive force claim is barred by the statute of limitations. For these reasons, the Court will dismiss Plaintiff's excessive force claim, without prejudice. Out of an abundance of caution, the Court will grant Plaintiff 30 days from the date of the Order accompanying this

Opinion to present any arguments he may have as to tolling on this claim in an amended complaint.

## II. SECTION 1983 FALSE ARREST AND FALSE IMPRISONMENT CLAIMS

To the extent that Plaintiff has pled claims for false arrest and false imprisonment in his Complaint, the Court will address them herein. Section 1983 claims of false arrest and false imprisonment, where such arrest and imprisonment are followed by criminal proceedings, accrue upon the plaintiff's arraignment, or other legal process. *Wallace*, 549 U.S. at 397; *Montgomery v. DeSimmone*, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.") (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)); *Telfair v. Tandy,* 797 F. Supp. 508, 520 (D.N.J. 2011) (holding that claims for false imprisonment accrue "immediately upon the arrest at issue, and the period of limitations begins to run as soon as the false imprisonment ends, i.e., when the arrestee becomes held pursuant to legal process," such as arraignment) (citing *Wallace*, 549 U.S. at 389-90)).

In this case, the allegedly unlawful search of Plaintiff's residence occurred on December 30, 2006. The date of Plaintiff's arraignment is unclear from the submissions to the Court, but Plaintiff was indicted on three charges on April 26, 2007 [Civil Action No. 15-6437(SRC), Docket Entry 13-3, at 1; Docket Entry 13-5, at 4]. Plaintiff filed this Complaint on April 29, 2016, approximately nine years after his indictment. Thus, Plaintiff's false arrest and false imprisonment claims are time-barred, and will be dismissed without prejudice. As with Plaintiff's excessive force claim, the Court will grant Plaintiff 30 days from the date of the Order

6

accompanying this Opinion to present any arguments he may have as to tolling on this claim in an amended complaint.

### III.  SECTION 1983 MALICIOUS PROSECUTION CLAIM

In his Complaint, Plaintiff also asserts a § 1983 claim for malicious prosecution. The Court finds that this claim must be dismissed pursuant to Rule 12(b)(6), though not on grounds of untimeliness. A § 1983 claim for malicious prosecution accrues on the date that the underlying criminal proceedings end in the plaintiff's favor. *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989). Indeed, prior criminal proceedings "must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (en banc). Thus, the Court must address this element of Plaintiff's cause of action before reaching any statute of limitations argument. In this case, the criminal proceedings at issue were not disposed of in a manner indicative of Plaintiff's innocence, because Plaintiff pled guilty to possession of a controlled substance on February 27, 2008, and Plaintiff does not allege that his conviction was reversed or vacated [Civil Action No. 15-6437, Docket Entry 13-15]. Furthermore, Plaintiff's petition for post-conviction relief was denied. *State v. Smith,* No. A-2670-12T1, 2014 WL 7448029, at *1 (N.J. Super. Ct. App. Div. Jan. 5, 2015). Moreover, the remaining counts of Plaintiff's indictment were dismissed as a result of a plea agreement, not as a result of Plaintiff's innocence. *See White v. Brown,* 408 F. Appx. 595, 599 (3d Cir. 2010). Thus, Plaintiff cannot meet the favorable termination element of his malicious prosecution claim at this time, and thus Plaintiff has not stated a plausible claim for malicious prosecution. Given that Plaintiff has filed a Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, that is still pending before this Court [Civ.

Action No. 15-6437, Docket Entry 1], the Court will dismiss Plaintiff's claim for malicious prosecution without prejudice, because favorable termination is theoretically possible in the future.

### B. SECOND OR SUCCESSIVE HABEAS PETITION

Finally, the Court will examine whether Plaintiff's Complaint, to the extent that it challenges Plaintiff's conviction, is a second or successive petition under the auspices of 28 U.S.C. § 2244. Plaintiff does not dispute that he has brought a prior collateral challenge to the same sentence he challenges in this Complaint; in fact, he references the active docket number on that § 2254 challenge in this Complaint. (Compl. at 4; Civil Action No. 15-6437.) The Court notes, however, that "[an] application is not second or successive simply because it follows an earlier federal petition. The [second or successive petition] doctrine does, however, bar claims that could have been raised in an earlier habeas corpus petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (quotations and citations omitted). Even under the less stringent *pro se* pleading standard, the Court finds that Plaintiff could have raised all of the claims raised in this Complaint in Plaintiff's earlier § 2254 filing before this Court, given that this Complaint only addresses the events related to his arrest on December 30, 2006 and the state court proceedings on his criminal charges, which ended before Plaintiff filed his § 2254 petition in August 2015. For these reasons, the Court finds that Plaintiff's Complaint qualifies as a second or successive petition.

The statute governing collateral attacks on criminal convictions bars Plaintiff from filing a second or successive petition for habeas corpus relief unless Plaintiff has sought and obtained an order from the appropriate court of appeals authorizing the district court to consider the

petition. *In re Olabode*, 325 F.3d 166, 169 (3d Cir. 2003) (citing 28 U.S.C. §§ 2244(b)(3)(A) and 2255). Without such authorization from the Court of Appeals, this Court has no jurisdiction to entertain the petition. *Benchoff*, 404 F.3d at 815. Plaintiff has not shown that he has made a motion to the Third Circuit for an order granting this Court the authority to hear a second or successive habeas petition.

While the Court may, in the interest of justice, transfer this action to the Third Circuit Court of Appeals so that it could consider whether to grant the Court authority to proceed with Plaintiff's successive petition, *see* 28 U.S.C. § 1631, the Court will not do so because a transfer would be futile. Plaintiff's submission contains no indication that the grounds for obtaining the requisite authorization could be satisfied. "A claim presented in a second or successive habeas corpus petition under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, even if Plaintiff has made a claim in this Complaint that he did not make in his previous habeas petition, the Court must dismiss that claim unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). In his Complaint, Plaintiff makes no mention of any new rules of constitutional laws that may apply to his case that were previously unavailable to him. Furthermore, Plaintiff makes no showing that the claims he alleges in the Complaint could not have been raised in his earlier habeas petition, given that the facts alleged all relate to the events

of December 30, 2006 and the state court proceedings in his case.  Therefore, the Court will dismiss Plaintiff's Complaint.

This Court must now determine whether a certificate of appealability should issue. L.A.R. 22.2.  The Court should issue a certificate only if the Plaintiff "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, "[Plaintiff] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As set forth above, Plaintiff's claims are barred by the statutory prohibition on second or successive habeas petitions.  The Court concludes that Plaintiff has not demonstrated that jurists of reason would find this assessment debatable or wrong.  Therefore, this Court declines to issue a certificate of appealability pursuant to section 2253(c)(2).

### C. Conclusion

For the reasons stated above, the Court will dismiss Plaintiff's Complaint.  Plaintiff's claims of excessive force, false arrest, false imprisonment, and malicious prosecution, pursuant to 42 U.S.C. § 1983, shall be dismissed without prejudice.  To the extent that Plaintiff seeks to challenge his conviction in this Complaint, the Court shall dismiss the Complaint, for lack of jurisdiction.  An appropriate Order shall be filed herewith.

  s/Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated:  May 20, 2016