**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| JAMES LEE SMITH, | Civ. No. 16-2444(SRC-CLW) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| OFFICER MICHAEL GONZALEZ, et al., | |
| Defendants. | |

On April 29, 2016, Plaintiff filed a *pro se* civil rights complaint (Compl., ECF No. 1) in this Court and sought to proceed *in forma pauperis*. The Court granted Plaintiff's application to proceed *in forma pauperis*, and screened the Complaint as required under 28 U.S.C. § 1915(e)(2)(B). On May 20, 2016, the Court dismissed the complaint, but gave Plaintiff thirty days to file an amended complaint on the claims that were dismissed without prejudice. (Opinion, ECF No. 4; Order, ECF No. 5.) This matter comes before the Court upon Plaintiff's June 14, 2016 letter to the Court. (ECF No. 8.)

**I.   BACKGROUND**

Upon screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed without prejudice, as barred by

1

the statute of limitations, Plaintiffs' excessive force, false arrest, and false imprisonment claims. (Order, ECF No. 5.) These claims arose out of Plaintiff's arrest in Elizabeth, New Jersey on December 30, 2006, and his subsequent conviction on drug charges. (Opinion, ECF No. 4 at 1.) The Court dismissed Plaintiff's malicious prosecution claim without prejudice because he did not plead there was a favorable termination of his criminal proceedings. (Opinion, ECF No. 4, at 7-8.)

The Court also addressed whether Plaintiff was attempting to bring a collateral challenge to his criminal conviction. (Id. at 8.) Plaintiff admitted that he challenged his conviction and sentence in August 2015, by filing a habeas petition under 28 U.S.C. § 2254. (Id.) If this Court construed the Complaint as a second or successive habeas petition, it would lack jurisdiction because the Third Circuit Court of Appeals must first authorize the District Court to consider a second or successive habeas petition. (Id. at 9.) This Court found that transferring the matter to the Third Circuit would be futile because Plaintiff could have presented these claims in his first habeas petition. (Id.) Therefore, there was no basis for the Third Circuit to authorize this Court to consider the complaint as Plaintiff's second or successive habeas petition. (Id.)

2

## II.  DISCUSSION

In Plaintiff's letter, he states he was released from South Woods State Prison on April 28 or 29, 2016. (Letter, ECF No. 8 at 1.) After his release, he was able to obtain a video recording of his arrest on December 30, 2006. (Id.) Plaintiff wishes to submit the video recording on DVD, together with a residential property record, as evidence in support of his complaint. (Id. at 2.) Plaintiff asks the Court to reopen this matter. (Id.)

Before Plaintiff can present evidence of his civil rights claims, he has to establish that his false arrest, false imprisonment and excessive force claims are not barred by the two-year statute of limitations, and/or that he obtained a favorable termination of his criminal proceeding that would allow him to go forward on his malicious prosecution claim. Plaintiff has not yet done so. The Court will allow Plaintiff an additional thirty days to file an amended complaint, together with a written statement that explains why the statute of limitations should be tolled on his claims.

**IT IS** on this ___ day of _____, 2016,

**ORDERED** that the Clerk shall reopen this matter; and it is further

**ORDERED** that Plaintiff shall have thirty days from the date of this Order to submit an amended complaint, and a written statement explaining why the statute of limitations does not bar

3

his claims of excessive force, false arrest and false imprisonment; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order on Plaintiff by regular U.S. Mail; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter.

```
                                    _____
                                    STANLEY R. CHESLER
                                    UNITED STATES DISTRICT JUDGE
```